```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

NELSON PINEDA,

      Plaintiff,

v.                                    Case No: 2:16-cv-751-FtM-99CM

GEO GROUP/CORRECT CARE
RECOVERY SOLUTIONS, (CCS),
KRISTEN KANNER, MIKE
CARROLL, DONALD SAWYER,
REBECCA JACKSON, and
CHRISTOPHER CATRON,

      Defendants.

---

**ORDER**

This matter comes before the Court upon Defendant Geo Group, Inc.'s (Defendant Geo Group's) motion to dismiss (Doc. 35, filed June 15, 2017). Plaintiff, an involuntarily civilly committed resident of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida,[1] initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Geo Group/Correct Care Recovery Solutions, Kristen Kanner, Mike Carroll, Donald

---

[1] Florida's Involuntary Civil Commitment for Sexually Violent Predators Act was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." Fla. Stat. § 394.910, et seq. A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." Id. at § 394.917.

Sawyer, Rebecca Jackson, and Christopher Catron (Doc. 1). Plaintiff's original complaint is the operative complaint before the Court.

For the reasons given in this Order, Defendant Geo Group's motion is denied without prejudice to this defendant raising the claim in a motion for summary judgment.

## I. Pleadings

In his complaint, Plaintiff asserts that, on November 28, 2015, he was assaulted by another resident of the FCCC, and during the attack, the resident bit off a portion of his right earlobe (Doc. 1 at 4). Plaintiff claims that there were no security officers present to prevent the assault. Id. Plaintiff asserts the following regarding Defendant Geo Group's liability:

> Defendant Geo Group/Correct Care Recovery Solutions (CCS) was at all times relevant to this action the private prison corporation under contract with the Florida Department of Children and Families to operate the Florida Civil Commitment Center and was acting under color of State law. By failed [sic] to protect the safety of Plaintiff who is under its legal custody, GEO Group/CCS has violated Plaintiff's rights under the Fourteenth Amendment of the U.S. Constitution. GEO Group/CCS is sued for monetary damages.

(Doc. 1 at 4-5).

Defendants Correct Care Recovery Solutions, Christopher Catron, Rebecca Jackson, and Donald Sawyer filed Answers and Affirmative Defenses to the complaint (Doc. 34; Doc. 24). However, Defendant Geo Group filed a motion to dismiss the claims

against it on the grounds that it was not operating the FCCC on November 28, 2015—the date of the alleged attack—and that it has no affiliation with Defendant Correct Care Recovery Solutions (Doc. 35, filed June 15, 2017). Defendant Geo Group notes that similarly named Geo Care, LLC operated the facility until Defendant Correct Care took over in September of 2014 and that Geo Group is "a separate entity from CORRECT CARE." Id. at 2.

In response, Plaintiff asserts that "Defendant [Geo Group] has failed to meet their burden of demonstrating that there is no business connection between Geo Group, Inc. . . . and Correct Care Recovery Solutions[.]" (Doc. 36). Plaintiff asserts that Geo Group and Correct Care "merged together in a contractual scheme with the Florida Department of Children and Family Services to take care for the full operations of the Florida Civil Commitment Center; as a merger, both corporations shared the same responsibilities and liabilities under the contractual obligations during the incident in which Nelson was injured, and therefore they are 'joinder parties' to this action." Id. at 1-2.

## II. Standard of Review

When considering a motion to dismiss, this Court accepts as true all allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences

from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth. Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by

lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. GJR Investments, Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), overruled on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

**III. Analysis**

In his complaint, Plaintiff conflates Defendants Geo Group and Correct Care Recovery Solutions and treats them as a single defendant (Doc. 1). However, although his response is not the model of clarity, Plaintiff appears to concede that these defendants are different companies and that Defendant Geo Group ceased its operation of the FCCC in 2014 (Doc. 36 at 1). His alleged injuries occurred more than a year later (Doc. 1). Nevertheless, Plaintiff argues that both companies are liable for his injuries because they "formed one merger." (Doc. 36 at 2).

Defendant Geo Group urges that it "has no affiliation with CORRECT CARE and GEO GROUP did not have anything to do with the

FCCC on November 28, 2015." (Doc. 35 at 2). However, as recently as March 8, 2017, this Court identified The Geo Group, Inc. as "the private company that Florida contracts with to operate the FCCC." (Case No. 2:10-cv-428-PAM-MRM at docket entry 174 at 2). While it may very well be that Geo Group, Inc. no longer operates the FCCC and did not do so on the date of Plaintiff's alleged injuries, this is a factual issue that cannot be resolved at this stage of the proceedings.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Geo Group's motion to dismiss (Doc. 35) is **DENIED** without prejudice to this defendant raising the issue in a properly supported motion for summary judgment after the close of discovery.

2. Defendant Geo Group shall answer Plaintiff's complaint within **TWENTY-ONE (21) DAYS** from the date on this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this __13th__ day of November, 2017.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record